**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WEIR, individually and on behalf of all others similarly situated, | No. 24-4249 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00719-DSF-MAA |
| v. | MEMORANDUM* |
| ALLIANZ SE; ALLIANZ GLOBAL INVESTORS U.S. LLC, | |
| Defendants - Appellees, | |
| and | |
| OLIVER BATE, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 12, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

David Weir appeals the district court's dismissal of his class action

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

complaint against Allianz SE (Allianz) and its subsidiary Allianz Global Investors US (AGI US) for federal securities violations. We agree that Weir failed to state a claim against Allianz because he did not adequately plead that Allianz made material misrepresentations. Weir also failed to state claims against AGI US because he failed to satisfy the purchaser-seller requirement for a federal securities fraud suit. Accordingly, Weir did not state a controlling person claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1271 (9th Cir. 2017). Weir must satisfy the "dual pleading requirements of Federal Rule of Civil Procedure 9(b)" and the Private Securities Litigation Reform Act, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), which require a plaintiff to plead fraud as to each allegedly fraudulent statement with "particularity," 15 U.S.C. § 78u-4(b)(1).

1. Weir argues that he stated a claim for securities fraud against Allianz for two sets of statements about its risk management framework. The district court dismissed this claim, concluding Weir had not alleged that Allianz's statements were "objectively false." A plaintiff alleging securities fraud under Rule 10b-5(b), 17 C.F.R. § 240.10b-5, which implements Section 10(b) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78j(b), must plead, among other "essential elements[,] . . . a material misrepresentation or omission by the defendant . . . ." *Retail Wholesale*, 845 F.3d at 1274. A statement is misleading in the "totality of the statements made within the Class Period," *id.* at 1277, when it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

    Weir argues that two types of statements were materially misleading: Allianz's statements about its "overall risk organization and roles in risk management" and its three lines of defense, and Allianz's statements about its risk mitigation activities and "system of internal controls." Neither were materially misleading because they are akin to "transparently aspirational" statements or "corporate puffery." *See In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 700 (9th Cir. 2021) (internal citations omitted). Such statements generally are not material misrepresentations because investors "know how to devalue the optimism of corporate executives." *Id.* (quoting *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014)). Allianz did have a three-lines-of-defense risk management system, and the existence of that system did not guarantee its success. Fraud committed by specific AGI US employees does not show that Allianz's statements were materially misleading.

Weir argues that "Allianz claimed not only that it had internal controls and risk management procedures, but that those procedures *ensured* compliance." Allianz said that its risk management approach "ensures that effective controls or other risk mitigation activities are in place for all significant operational risks." However, in *Retail Wholesale*, 845 F.3d at 1271, 1277–78, we held that Hewlett-Packard's public statements promising to adhere to "business ethics" were not material misrepresentations despite sexual harassment allegations against the company's CEO because Hewlett-Packard's public "promotion of ethical conduct . . . did not reasonably suggest that there would be no violations of the [ethical code] by the CEO or anyone else." Here, Allianz did not promise to eliminate risk or that misconduct would never occur. Instead, Allianz promised only that "effective controls or other risk mitigation activities are in place."

Plaintiff also argues that Allianz's systems should have followed up on "red flags" that "if pursued, might have led to identification of at least certain aspects of the fraudulent scheme . . . ." But that the identification of red flags "might" have led to uncovering fraud does not establish that Allianz made materially misleading statements.

2. We affirm the dismissal of Weir's fraud claims against AGI US because Weir did not satisfy the "purchaser-seller rule," which is a "bright line" that restricts a cause of action under Rule 10b-5 and Section 10(b) "to purchasers and

sellers of the security about which the alleged misrepresentations were made." *In re CCIV / Lucid Motors Sec. Litig.*, 110 F.4th 1181, 1185 (9th Cir. 2024) (interpreting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)).[1] Weir purchased American Depository Receipts of Allianz and the statements at issue came from AGI US and concerned its Structured Alpha Funds.[2] Weir had not purchased or sold interests in AGI US or its Structured Alpha Funds.

    3. Finally, we hold that the district court did not err in dismissing Weir's controlling person claim against Allianz under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), because a controlling person claim requires a "primary violation" of the securities laws on which to base controlling person liability. *See Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1113 (9th Cir. 2021). Because the district court did not err in dismissing Weir's claims for primary violations, Weir's Section 20(a) claim "necessarily fail[s]." *Id.*

    **AFFIRMED.**

---

[1] Although the district court dismissed the securities fraud claim against AGI US for failure to plead reliance and did not specifically address the scheme liability claim, "[w]e may affirm on any ground supported by the record." *Grimm v. City of Portland*, 125 F.4th 920, 925 (9th Cir. 2025).

[2] American Depository Receipts are, we have explained, "negotiable certificates issued by a United States depositary institution, typically banks, and they represent a beneficial interest in, but not legal title of, a specified number of shares of a non-United States company." *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 940 (9th Cir. 2018). They are a "stock" under the Securities Exchange Act of 1934. *Id*. at 939-42.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2024

3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to *(party name(s))*:

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ]   **Date** [ ]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | TOTAL: | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 10                                                                 Rev. 12/01/2021